UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND INDIANA

SEAN W. CLOVER,

    Petitioner,

    v.

SUPERINTENDENT,

    Respondent.

CAUSE NO.: 3:17-CV-307-RLM-MGG

OPINION AND ORDER

Sean W. Clover, a prisoner without a lawyer, filed a habeas corpus petition to challenge his convictions for two counts of dealing cocaine under Cause No 3D01-1002-FA-263. After a jury trial, the Bartholomew Superior Court sentenced Mr. Clover to forty years of incarceration.

FACTUAL BACKGROUND

In a brief filed with the Court of Appeals of Indiana on direct appeal, Mr. Clover summarized the facts of his case as follows:

> On two occasions - August 21, 2008, and September 5, 2008 - Detective Grant Martin, an undercover officer with the Columbus Police Department, contacted the Defendant, Sean W. Clover, by telephone in order to set up the purchase of more than three (3) grams of cocaine.
>
> On August 21, 2008, after requesting Mr. Clover provide him with one-quarter (1/4) ounce of cocaine, he drove to Mr. Clover's residence. Mr. Clover joined him in the vehicle, then directed him to Beech Acres Trailer Park where Mr. Clover exchanged currency with another individual for a quantity of cocaine; the money he exchanged included $350.00 in cash provided by Det. Martin. They returned to Mr. Clover's home where Mr. Clover weighed out one-quarter (1/4) ounce of cocaine, gave it to Det. Martin, and kept the

rest. Laboratory tests later confirmed that the substance provided to Det. Martin was cocaine; it weighed 6.82 grams.

On September 5, 2008, this time after requesting Mr. Clover provide him with one-half (1/2) ounce of cocaine, Det. Martin again drove to Mr. Clover's residence. Again, Mr. Clover joined him in the vehicle, then directed him back to Beech Acres Trailer Park. After Det. Martin provided Mr. Clover with $550.00 in cash, Mr. Clover left the vehicle and returned later with a quantity of cocaine he promptly handed to Det. Martin. Laboratory tests later confirmed that the substance provided to Det. Martin was cocaine; it weighed 13.36 grams.

After obtaining the cocaine on September 5, 2008, it was time to take Mr. Clover back to his residence. However, Det. Martin had arranged with another police officer to make a "bogus" traffic stop of his vehicle. This stop was intended to verify Mr. Clover's identity. Mr. Clover had been referring to himself as Bobby Johnson. (Det. Martin had been referring to himself as Matt.) Therefore, on the way to Mr. Clover's residence, Officer Morgan Homer stopped Det. Martin's vehicle; he indicated that he stopped the vehicle because "Matt" had been swerving. He proceeded to check the identity of both men, and he was able to verify the defendant's identity as Scan W. Clover. Once the stop was completed, Det. Martin proceeded to take Mr. Clover home.

* * *

On September 10, 2010, the jury convicted Mr. Clover of both counts as charged. On October 26, 2010, the trial court sentenced Mr. Clover to forty (40) years on each count, to be run concurrently.

Brief for Appellant at 3-6, Clover v. State, No. 3A04-1010-CR-675 (Ind. Ct. App. March 28, 2011), 2011 WL 1849276.

Mr. Clover says his trial counsel was ineffective for: (1) failing to challenge the traffic stop for lack of probable cause; (2) failing to object to an audio recording at trial on the basis of authenticity and as a violation of his rights under the Confrontation Clause; (3) failing to object to the prosecution's violation of the order of separation between witnesses with respect to Detective Neal; and

2

(4) failing to impeach Detective Martin's testimony about the authenticity of the audio recording.

PROCEDURAL DEFAULT

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004). To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts. Boyko v. Parke, 259 F.3d 781, 788 (7th Cir. 2001). Fair presentment requires "the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." Lewis v. Sternes, 390 F.3d at 1025 (internal quotations and citations omitted). If the State court declines to address the petitioner's claims based on a lack of compliance with a procedural requirement, including State court rules, the independent and adequate state ground doctrine bars federal review of those claims. Coleman v. Thompson, 501 U.S. 722, 751 (1991).

The Court of Appeals of Indiana affirmed the decision of the Bartholomew Superior Court on Mr. Clover's petition for post-conviction relief. ECF 4-6. Mr. Clover filed a petition to transfer with the Indiana Supreme Court. ECF 4-5 at 2. The clerk of the Indiana Supreme Court declined to file the petition because it didn't comply with the Indiana Rules of Appellate Procedure due to the absence of a certificate of service and various formatting errors. ECF 4-7. Because Mr. Clover was incarcerated and didn't have an attorney, the clerk granted Mr. Clover

3

twenty business days to submit a corrected petition. Id. Well within that time, Mr. Clover resubmitted his petition, but the clerk again declined to file the petition based on the improper placement of the question presented and the absence of a table of contents, table of authorities, and signature. ECF 12 at 15. Because the Indiana Supreme Court's basis for refusing to consider the petition for transfer constitutes independent and adequate state grounds, Mr. Clover's claims are procedurally defaulted.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. Wainwright v. Sykes, 433 U.S. 72, 90 (1977); Wrinkles v. Buss, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. Murray v. Carrier, 477 U.S. 478, 492 (1986).

Mr. Clover argues that the court should excuse his procedural default because didn't have time to correct the defects in the second petition and says the clerk should have sent him notice of the defects more quickly. While Mr. Clover might have been deprived of a third opportunity to file a petition, he hasn't shown that he was entitled to a third opportunity, and this argument doesn't address why Mr. Clover didn't comply with the State court rules when filing the first two petitions.

Mr. Clover also attributes the procedural errors to his lack of appointed counsel. Mr. Clover wasn't constitutionally entitled to counsel during post-

conviction proceedings, Pennsylvania v. Finley, 481 U.S. 551, 556 (1987), and ineffective assistance of counsel at the appellate stage of post-conviction proceedings isn't a basis to excuse procedural default. Martinez v. Ryan, 566 U.S. 1, 16 (2012) (stating that its holding did not extend to "appeals from initial-review collateral proceedings"). In sum, Mr. Clover hasn't shown cause-and-prejudice to excuse his procedurally defaulted claims. As a result, the court can't consider the merits of his claims and denies the petition for habeas relief.

CERTIFICATE OF APPEALABILITY

Under Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons explained in this opinion for denying habeas corpus relief, there is no basis for encouraging Mr. Clover to proceed further.

For these reasons, the court DENIES the habeas corpus petition and DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED on February 19, 2019

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT